UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT SEDORE #210661,

      Plaintiff,

v.                                                                    Case No. 2:17-cv-7
                                                                      HON.  JANET T. NEFF

DUNCAN MACLAREN,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff Scott Sedore filed this *pro se* civil rights action pursuant to 42 U.S.C. §
1983, against Defendant Duncan MacLaren.  Plaintiff alleges that Defendant MacLaren failed to
properly accommodate his medical disability in violation of the Eighth Amendment and the
American Disability Act.  Defendant MacLaren has filed a motion for summary judgment on the
grounds that Plaintiff failed to exhaust his administrative remedies.  (ECF No. 10).  Plaintiff filed
a response brief.  (ECF No. 14).  This matter is ready for decision.

      In his complaint, Plaintiff alleges that he was involved in a car accident in 2009 that
left him severely disabled.  He further alleges that he needs to use a wheelchair because of his
disability. On October 30, 2014, Plaintiff was transferred to Kinross Correctional Facility (KCF).
Defendant MacLaren is the Warden at KCF.  While incarcerated at KCF, Plaintiff alleges that
Defendant MacLaren refused to let Plaintiff use a wheelchair on the yard.  Plaintiff was transferred
from KCF on June 4, 2015, after he was assaulted by other prisoners.

      Summary judgment is appropriate when the record reveals that there are no genuine
issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th

Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for

determining whether summary judgment is appropriate is "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436

(6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also*

*Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005).

The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all

justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d

293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative

defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-

216 (2007).  A moving party without the burden of proof need show only that the opponent cannot

sustain his burden at trial.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir.

2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  A moving party with

the burden of proof faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th

Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the

moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative

defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could

find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine*

*Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The United States Court of Appeals for

the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through

machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control.  *Id.* at ¶ P.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ P, V.  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ V.   The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ R (emphasis in original). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief.  *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process.").  An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits.  *See id*. at 325.   We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court."  *Id*. at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[1]

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due.  *Id.* at ¶¶ T, BB.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ DD.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ T, FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶¶ T, FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ GG.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ."  *Id.* at ¶ S.

First, the undersigned notes that Defendant MacLaren's brief is totally inadequate. The overwhelming majority of the nine-page brief consists of the typical, boilerplate exhaustion language.  In one of only a few case-specific sentences, Defendant MacLaren sums up his entire argument: "during his entire time at KCF, Plaintiff only filed a single Step I Grievance that

---

[1] In *Holloway v. Mclaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved.  The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion."  *Id.* at 3.  In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints."  851 F.3d at 596.  For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

identified Warden MacLaren, Grievance KCF-14-12-1382-28a, but, it was properly rejected and the rejected [sic] was upheld through Step III. (See Affidavit of Step III Grievances attached as Exhibit 1.)" (ECF No. 11, PageID.115). Defendant MacLaren does not explain why KCF-14-12-1382-28a was rejected. Nor does he offer any useful citations and, instead, cites to an exhibit that is 132 pages long. It turns out that Grievance KCF-14-12-1382-28a was rejected at Step I as being duplicative to KCF-14-11-1207-12z and KCF-14-11-1228-28a. (ECF No. 11-1, PageID.212). Plaintiff attempted to appeal KCF-14-12-1382-28a to Step II but never received a response. (ECF No.11-1, PageID.207-209). Defendant MacLaren offers no explanation for why Plaintiff never received a Step II response. Plaintiff then continued on to Step III. At Step III, the decision at Step I was upheld and the grievance was denied. The Step III response also stated: "The response you received at Step I reflects that your issue was in fact considered and appropriately investigated." (ECF No.11-1, PageID.206). In his brief, Defendant MacLaren never addressed whether this grievance was properly rejected. "[T]o carry his summary-judgment burden, Defendant[] must compare the issues grieved in the first grievance to those grieved in the [ ] allegedly-duplicate grievances and show that every reasonable jury would think the rejections were proper." *Johannes v. Washington*, No. 14-11691, 2016 WL 1253266 at *6 (E.D. Mich. Mar. 31, 2016). Here, Defendant MacLaren fails to meet this burden.

In addition, Plaintiff argues that he exhausted his administrative remedies against Defendant MacLaren in the three grievances listed above, as well as KCF-14-11-1220-06e. All four of these grievances relate to Plaintiff not being permitted to use a wheelchair while in the yard.[2] However, Plaintiff incorrectly states that as long as he appeals a procedurally rejected

---

[2] KCF-14-12-1382-28a can be found on PageID.206-212.
KCF-14-11-1207-12z (later changed to KCF-14-11-1207-28e) can be found on PageID.235-239.
KCF-14-11-1228-28a can be found on PageID.240-245.
KCF-14-11-1220-06e can be found on PageID.246-251.

grievance through Step III, he has exhausted his administrative remedies.  Plaintiff must *properly* exhaust his administrative remedies, which means he must comply with the deadlines and other procedural rules of the MDOC grievance procedure.  *See Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) ("A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution.").  Nonetheless, Plaintiff properly exhausted KCF-14-11-1220-06e through Step III. In this grievance, Plaintiff alleged that a corrections officer discriminated against him by refusing to let him have a wheelchair in the yard.  In the opinion of the undersigned, this grievance fulfilled the purpose of the PLRA, which is to provide "prisons with a fair opportunity to correct their own errors."

In addition, the undersigned notes there is a question of fact as to whether Plaintiff properly exhausted his administrative remedies in KCF-14-11-1207-12z.  At Step I in KCF-14-11-1207-12z, Plaintiff complained that the "Warden" at KCF (as well as many other individuals) were violating his rights under the Eighth Amendment and the American Disability Act.  (ECF No. 11-1, PageID.238).  The Step I response found that Plaintiff's "primary complaint is that he has been denied an accommodation to use his wheelchair to go to yard and use during yard time." (ECF No. 11-1, PageID.239).  The Step I response denied the grievance because Plaintiff's medical provider did not indicate that a wheelchair was necessary to use during the yard.  Plaintiff appealed to Step II, which was again denied on the merits.  (ECF No. 11-1, PageID.237).  Plaintiff then appealed to Step III.  At Step III, the grievance was rejected as "vague" because Plaintiff did not identify which of his special accommodations and medical details were not being honored.  (ECF No. 11-1, PageID.235).  In the opinion of the undersigned, a question of fact exists as to whether this grievance was properly rejected at Step III for vagueness.  Moreover, Defendant MacLaren has the burden to show that every reasonable jury would think the rejection was proper.

Accordingly, the undersigned recommends that Defendant MacLaren's motion for summary judgment on the issue of exhaustion (ECF No. 10) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  May 31, 2018

       /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE