UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT SEDORE,

    Plaintiff,

v.

DUNCAN MAC LAREN,

    Defendant.

_____/

Case No. 2:17-cv-7

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendant's motion and dismiss this action. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge determined that Defendant is entitled to summary judgment of Plaintiff's Eighth Amendment and Americans with Disabilities Act (ADA) claims (R&R, ECF No. 56 at PageID.570-573). The Magistrate Judge also determined that Plaintiff has not sufficiently plead a claim of civil conspiracy (*id.* at PageID.574).

The only portion of the Report and Recommendation that Plaintiff addresses with any specificity is the Magistrate Judge's analysis of his deliberate indifference claim under the Eighth

Amendment. Plaintiff argues that he has shown, in great depth, that Defendant was aware of the risks to Plaintiff's physical, emotional, and mental health and ignored the risks in refusing to give Plaintiff access to a wheelchair, causing Plaintiff to suffer "injuries caused by prolonged walking" (Pl. Obj., ECF No. 57 at PageID.577-580).

Plaintiff's argument is unavailing. The Magistrate Judge expressly considered Plaintiff's claims that Defendant "was deliberately indifferent to Plaintiff's serious medical condition when MacLaren refused Plaintiff access to his wheelchair" and that Plaintiff "was forced to walk considerable distances throughout the day, which aggravated his disability" (R&R, ECF No. 56 at PageID.561). The Magistrate Judge delineated several incidents that Plaintiff alleged were representative of Defendant's deliberate indifference (*id.* at PageID.561-562) and summarized the medical records Plaintiff submitted (*id.* at PageID.566-567). The Magistrate Judge determined that based on these medical records and the changes in Plaintiff's conditions, an issue of material fact exists as to the objective component of the Plaintiff's deliberate indifference claim—specifically, "whether the allegedly inadequate wheelchair accommodation was detrimental to Plaintiff's serious medical condition" (*id.* at PageID.567). However, the Magistrate Judge determined that Plaintiff had not provided "any evidence that Defendant was aware of the inadequacy of the accommodation or the existence of a substantial risk of serious harm," pointing out that mere differences in judgment do not support a deliberate indifference claim (*id.* at PageID.568). The Magistrate Judge therefore concluded that Defendant is entitled to summary judgment on Plaintiff's Eighth Amendment deliberate indifference claim. Plaintiff's objection merely sets forth the arguments and evidence thoroughly considered by the Magistrate Judge. Plaintiff's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or ultimate conclusion.

Plaintiff otherwise objects to "every issue raised in the Magistrate's Report and Recommendation," asserting that the Magistrate Judge did not read his response to Defendant's motion for summary judgment (Pl. Obj., ECF No. 57 at PageID.580).  Asserting that the Magistrate Judge failed to consider Plaintiff's arguments is too broad an assertion to constitute a valid objection to the Magistrate Judge's analyses of his remaining claims.  *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).  Plaintiff's mere disagreement with, and overly general objections to, the Magistrate Judge's Report and Recommendation do not warrant its rejection.  In any event, the Court notes that Plaintiff's assertion is belied by the fact that the Magistrate Judge frequently referenced Plaintiff's response to Defendant's motion for summary judgment throughout the Report and Recommendation.  *See* R&R, ECF No. 56 at PageID.560, 562, 566, 567, 572, 573.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Because this Opinion and Order resolves all pending claims, a Judgment will also be entered.  *See* FED. R. CIV. P. 58.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 57) are DENIED and the Report and Recommendation (ECF No. 56) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 46) is GRANTED.

Dated:  September 24, 2019                                    /s/ Janet T. Neff
                                                                             JANET T. NEFF
                                                                             United States District Judge